UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MOSES BOB PESSIMA,<br><br>Plaintiff,<br><br>vs.<br><br>ANTOINETTE KATUMU PESSIMA,<br><br>Defendant. | 4:26-CV-04004-KES<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING |

Plaintiff, Moses Bob Pessima, filed a pro se lawsuit alleging claims for defamation, libel, and slander against defendant, Antoinette Katumu Pessima. Docket 1. Moses also moves for leave to proceed in forma pauperis, Docket 3, and for appointment of counsel, Docket 4. The court issues the following order.

## I.      Motion for Leave to Proceed In Forma Pauperis

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). After reviewing Moses' financial

affidavit, the court finds he has insufficient funds to pay the filing fee. Thus, Moses' motion for leave to proceed in forma pauperis (Docket 3) is granted.

## II.    1915 Screening

### A.    Factual Background

Moses Pessima asserts that he married Antoinette Pessima in 1998 in the Republic of The Gambia. Docket 1 at 3. Moses indicates that shortly thereafter, both he and Antoinette immigrated to the United States. *Id.* Antoinette later gave birth to their son on June 7, 1999, in Chester, Pennsylvania. *Id.* Moses indicates that Antoinette "eloped from state to state," after Moses attempted to initiate paternity testing of their son. *Id.*

Currently, both Moses and Antoinette reside in Sioux Falls, South Dakota. *Id.* at 2-3. Moses indicates that the Minnehaha County Circuit Court granted Moses' request for paternity testing. *Id.* at 3. The test revealed that Moses was the biological father. *Id.* Antoinette filed for divorce from Moses, claiming mental abuse. *Id.* Moses asserts that Antoinette did not support her claims with either medical records or police reports. *Id.* Moses also indicates that Antoinette, relying upon the Violence Against Women Act (VAWA), notified the United States Citizenship and Immigration Services of Moses' alleged mental abuse. *Id.* Moses alleges that Antoinette's actions have prevented him and his son from pursuing or receiving immigration benefits. *Id.* Moses also alleges that because of Antoinette's allegations of mental abuse, he faces felony and misdemeanor charges. *Id.* at 4.

2

In his complaint, Moses alleges defamation, libel, and slander claims against Antoinette. *Id.* at 1, 5. Moses alleges that Antoinette "negligently published by disseminating false accusations, slanderous and untrue statements to some third-party agency and individual." *Id.* at 1. Moses alleges that Antoinette made these accusations with actual malice and caused "reputational harm to defame" Moses. *Id.*

As a result of Antoinette's actions, Moses seeks an order restoring his immigration benefits. *Id.* at 3. Moses also requests that "[p]unitive measures [be] taken against" Antoinette and requests $9,999,999.09 in damages. *Id.* at 4-5. Additionally, Moses also seeks to "guarantee" his due process rights under the Fourteenth Amendment. *Id.* at 3.

### B.      Legal Standard

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under § 1915(a), the court must then determine whether the complaint should be dismissed under § 1915(e)(2)(B). *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[] to state a claim on which relief may be granted; or (iii) seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. *Est. of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson*

*v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

A district court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988) (citing *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974)). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985) (citation omitted). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a complaint "must contain either direct or inferential allegations respecting all

material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 553–63)).

Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation omitted) (quoting *Twombly*, 550 U.S. at 556). Still, "conclusory statements" and "naked assertion[s] devoid of further factual enhancement" do not satisfy the plausibility standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (alteration in original) (citation and internal marks omitted).

### C.    Legal Analysis

#### 1.    Lack of Subject Matter Jurisdiction

Construing his complaint liberally, the court understands Moses to be asserting state-law claims for defamation, libel, and slander against Antoinette. *See* Docket 1 at 1, 5. It also appears that Moses is asserting that his due process rights under the Fourteenth Amendment have been violated. *See id.* at 3. Because federal courts are courts of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this court must consider whether the claims alleged in Moses' complaint involve a dispute or controversy within its jurisdiction, *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A federal court has jurisdiction over two main kinds of cases: First, diversity cases, which are suits between citizens of different States as to any matter valued at more than $75,000. And second, federal question

cases, which are suits "arising under" federal law. *Badgerow v. Walters*, 596 U.S. 1, 8 (2022); *see also* 28 U.S.C. § 1332(a); 28 U.S.C. § 1331.

Here, the court finds that Moses has failed to establish that subject matter jurisdiction exists over his state-law claims. Based on the complaint, both Moses and Antoinette appear to be residents and citizens of South Dakota. *See* Docket 1 at 3, 5. Thus, Moses has failed to establish diversity jurisdiction. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."). Moses also cannot establish federal-question jurisdiction because his state-law defamation, libel, and slander claims do not arise "under the Constitution, laws, or treaties of the United States[.]" 28 U.S.C. § 1331.

Thus, the court would have to exercise supplemental jurisdiction to hear Moses' state-law claims. Under 28 U.S.C. § 1367(a), this court "shall have supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). Nonetheless, the court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). Here, the only claim over which this court might have original jurisdiction is Moses' Fourteenth Amendment Due Process claim. But as explained below, because Moses has failed to state a Due Process claim under the Fourteenth Amendment, this court declines to exercise supplemental jurisdiction under 28 U.S.C.

6

§ 1367(c)(3). Moses may pursue his defamation, libel, and slander claims in state court.

### 2. Failure to State a Claim

As the court understands his complaint, Moses is alleging a Fourteenth Amendment Due Process violation based on injuries to his reputation. *See* Docket 1 at 1, 3. But because reputation is not a protected liberty interest under the Fourteenth Amendment, *see Kroupa v. Nielsen*, 731 F.3d 813, 818 (8th Cir. 2013) ("A person's reputation, alone, is not a protected liberty or property interest."), Moses has failed to allege a Fourteenth Amendment violation. Thus, Moses' Fourteenth Amendment Due Process claim is dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

## III.    Motion to Appoint Counsel

Moses has also filed a motion to appoint counsel. Docket 4. Because Moses' claims are all dismissed, the motion to appoint counsel (Docket 4) is denied as moot.

## IV.    Conclusion

Thus, it is ORDERED:

1. That Moses' motion for leave to proceed in forma pauperis (Docket 3) is granted.

2. That Moses' defamation, libel, and slander claims against Antoinette are dismissed without prejudice for lack of subject matter jurisdiction.

7

3. That Moses' Fourteenth Amendment Due Process claim is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

4. That Moses' motion to appoint counsel (Docket 4) is denied as moot.

Dated May 15, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

8